UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MIDAISY CALLE LADRON DE GUEVARA,<br><br>Plaintiff(s),<br><br>v.<br><br>WALMART, INC., et al.,<br><br>Defendant(s). | Case No. 2:20-CV-913 JCM (DJA)<br><br>ORDER |

Presently before the court is plaintiff Midaisy Calle Ladron de Guevara's motion to remand. (ECF No. 8). Defendants Walmart, Inc. and Stacy Mitchell responded, (ECF No. 10), to which plaintiff replied, (ECF No. 12).

Also before the court is defendants' motion to dismiss. (ECF No. 5). Plaintiff responded, (ECF No. 11), to which defendants replied, (ECF No. 15).

**I.   Background**

On February 2, 2018, plaintiff slipped and fell in a Walmart store. (ECF No. 1). She sustained several injuries and initiated suit against defendants in Nevada state court, alleging 1) negligence as to all defendants and 2) "respondeat superior, negligent entrustment, hiring, training, and supervision as to defendants Walmart, and/or Stacy Mitchell, and/or" a wide assortment of Doe defendants. (*Id.*). Defendants removed to this court on diversity jurisdiction. (*id.*).

Defendants move to dismiss the complaint. (ECF No. 5). Plaintiff moves to remand this matter to state court for lack of amount in controversy and complete diversity. (ECF No. 8).

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

Because the court's jurisdiction is limited by the constitution and 28 U.S.C. §§ 1331, 1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998)).  Thus, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)).  Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove."  *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)).  "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable."  *Id*. (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Id.*

**III.     Discussion**

Plaintiff argues that this matter fails to satisfy both amount-in-controversy and complete diversity. (ECF No. 8). This court agrees in part: although the amount-in-controversy requirement is satisfied, this matter lacks complete diversity.

Defendants have demonstrated an amount in controversy in excess of $75,000.00 by a preponderance of the evidence. (ECF No. 10). The parties agree that $56,339.06 in "medical specials" is applicable to determining amount in controversy. (ECF Nos. 8, 10). Plaintiff disputes the remaining twenty thousand dollars required by defendant as speculative and without evidence. (ECF No. 12). However, defendant notes that plaintiff has alleged many other damages that may plausibly exceed the required amount: "potentially seven different future surgical treatments listed, further physical therapy, further chiropractic care, . . . [and a] Complaint alleging special damages for over two years of treatment at this point." (ECF No. 10). This court agrees that these possible claims for damages suffice to demonstrate amount-in-controversy by a preponderance of the evidence.

However, this court finds that remand is appropriate due to the lack of complete diversity. Although defendant Stacy Mitchell is a Nevada resident, defendants argue that she is a sham defendant. (ECF No. 10). A non-diverse defendant is a "sham" if the plaintiff could not possibly recover against the party whose joinder is questioned. *See Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989). In examining this question, all disputed questions of fact are resolved in the plaintiff's favor. *Id.* "If there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal

**James C. Mahan**
**U.S. District Judge**

- 3 -


court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (emphasis added).

Here, this court finds such possibility, especially in light of Nevada's less stringent "notice pleading" regime. *Hay v. Hay*, 100 Nev. 196, 198, 678 P.2d 672, 674 (1984) ("Nevada is a notice-pleading jurisdiction, our courts liberally construe pleadings to place into issue matters which are fairly noticed to the adverse party"). Construing all factual disputes in plaintiff's favor, this court grants the instant motion to remand.

In her complaint, plaintiff clearly explains why she has sued Mitchell: Mitchell was the "active manager of the site and a [sic] had duty to keep all guests, including Plaintiff, safe." (ECF No. 12). Mitchell, as store manager, is clearly alleged to "owe a duty of ordinary care to all persons in the store" and is thus involved in plaintiff's harms. (ECF No. 11). On the face of the complaint and construing all factual disputes in plaintiff's favor, plaintiff has sufficiently detailed her claims of negligence and "respondeat superior, negligent entrustment, hiring, training, and supervision" against defendant Mitchell. (ECF No. 1). This court is unpersuaded by defendants' arguments on the alleged failures of plaintiff's claims. This court need only determine whether a state court could *possibly* find that plaintiff has sufficiently stated her claim. *See Kruso,* 872 F.2d at 1426. Mitchell is no sham defendant, and this matter is hereby remanded.

In light of this matter's remand, this court denies defendants' motion to dismiss as moot. (ECF No. 5).

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 8) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 5) be, and the same hereby is, DENIED as moot.

DATED September 14, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**